IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN E. RANSOM,<br><br>          Plaintiff,<br><br>     vs.<br><br>J. MARTINEZ, et al.,<br><br>          Defendants.<br>_____/ | CASE NO. 1:07-cv-01511-AWI-DLB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF DOE DEFENDANTS FOR FAILURE TO PROVIDE INFORMATION SUFFICIENT TO EFFECT SERVICE OF PROCESS<br><br>(Doc. 22) |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this in this civil rights action pursuant to 42 U.S.C. § 1983. On May 18, 2009, the Court issued an order requiring Plaintiff to furnish information sufficient to effect service on John Doe defendants 1 thru 20, Floor Officer John Doe, MTA Jane Doe, LVN Jane Doe, and R. N. Jane Doe, within thirty days from the date of service of the order. More than thirty days have passed and Plaintiff has not responded to the Court's order. (Doc. 22.)

Rule 4(m) of the Federal Rules of Civil Procedure provides, in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding in forma pauperis, a United States Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "'[A]n

1

incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

In this instance, Plaintiff was ordered to provide further information to assist the United States Marshal is serving the Doe defendants, but Plaintiff has failed to do so. Accordingly, it is HEREBY RECOMMENDED that pursuant to Federal Rule of Civil Procedure 4(m), John Doe defendants 1 thru 20, Floor Officer John Doe, MTA Jane Doe, LVN Jane Doe, and R. N. Jane Doe be dismissed, without prejudice, based on Plaintiff's failure to provide the Marshal with information sufficient to effect timely service of the summons and complaint.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty (20) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   October 7, 2009         /s/ **Dennis L. Beck**
                                 UNITED STATES MAGISTRATE JUDGE