# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN E. RANSOM,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>J. MARTINEZ, et al.,<br><br>　　　　　Defendants.<br>_____ / | CASE NO. 1:07-CV-01511-AWI-DLB PC<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DEFENDANTS' MOTION TO REVOKE PLAINTIFF'S IN FORMA PAUPERIS STATUS BE GRANTED AND MOTION TO DISMISS BE DENIED<br><br>(DOC. 43)<br><br>OBJECTIONS DUE WITHIN TWENTY-ONE DAYS |

**Findings And Recommendation**

**I.　　Procedural History**

　　　　Plaintiff Bryan E. Ransom ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  On November 2, 2007, Plaintiff filed a motion to proceed in forma pauperis in this action.  Doc. 5.  On November 30, 2007, the Court granted Plaintiff's motion.  Doc. 6.  This action is proceeding on Plaintiff's amended complaint, filed February 9, 2009, against Defendants Hernandez-Young, Martinez, Masiel, Melo, Mendoza, Moral, Price, and Wilson ("Defendants").  Pending before the Court is Defendants' motion to dismiss Plaintiff's action, filed August 30, 2010.  Defs.' Mot. Dismiss, Doc. 43.  Defendants contend that Plaintiff's in forma pauperis status should be revoked and that this action should be dismissed.  Plaintiff filed his opposition on September 9, 2010.  Doc. 46.  Defendants filed their reply on September 14, 2010.  Doc. 45.  The matter is submitted pursuant to Local Rule 230(l).

1

## II. Legal Standard

Title 28 of the United States Code, § 1915(g), which governs in forma pauperis proceedings in federal court, provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

In making a determination as to whether a prisoner plaintiff may proceed in forma pauperis, the Court must consider all civil actions an appeals brought by the prisoner in any federal court. Section 1915(g) is commonly known as the "three strikes" provision. *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2003). "Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed "'on the ground that [they were ] frivolous, malicious, or fail [] to state a claim.'" *Id.* (citing 28 U.S.C. § 1915(g)) (quotations omitted). When a defendant challenges a prisoner's right to proceed in forma pauperis, the defendant bears the burden of producing sufficient evidence to establish that § 1915(g) bars the plaintiff's in forma pauperis status. *Id.* Once the defendant has made a prima facie case, the burden shifts to the plaintiff to persuade the court that § 1915(g) does not apply. *Id.*

## III. Analysis

The Court granted Plaintiff in forma pauperis pursuant to court order on November 30, 2007. Doc. 6. Defendants contend that Plaintiff has accrued three or more strikes pursuant to § 1915(g) and is thus ineligible to proceed in forma pauperis. Defs.' Mem. P. & A. Mot. Dismiss 3:13-4:1. Defendants also contend that Plaintiff does not qualify for in forma pauperis status under the imminent danger exception. *Id.* at 4:2-11. Defendants move for revocation of Plaintiff's in forma pauperis status and dismissal of this action.

### A. Strikes Pursuant To § 1915(g)

Defendants submit that the following three cases count as strikes pursuant to § 1915(g): (1) *Ransom v. Doe, et al.*, CV 96-8204 RSWL (CT) (CD. Cal.) (dismissed December 6, 1996); (2) *Ransom v. Chief Williams, et al.*, CV 96-8203 MRP (CT) (C.D. Cal.) (dismissed December

2

10, 1996); and (3) *Ransom v. Sandoval, et al.*, 3:01-cv-0513 JM (JAH) (S.D. Cal.) (dismissed January 10, 2002). The Court takes judicial notice of the above cases.[1] Neither party disputes that *Ransom v. Sandoval* was dismissed for failure to state a claim. Thus, the Court will examine only *Ransom v. Doe* and *Ransom v. Chief Williams*.

*Ransom v. Doe* was dismissed because Plaintiff's complaint violated the favorable termination rule of *Heck v. Humphrey*, 512 U.S. 477 (1994). Defs.' Mot. Dismiss, Ex. B, Dismissal Order of United States District Judge Ronald S. W. Lew, December 4, 1996; Ex. C, Judgment, December 4, 1996. Where a § 1983 action alleges constitutional violations that necessarily imply the invalidity of a conviction or sentence, the prisoner must establish that the underlying sentence or conviction has been invalidated on appeal, by a habeas petition, or some other similar proceeding. *Heck*, 512 U.S. at 483-87. Defendants contend that a dismissal pursuant to *Heck* is a dismissal for failure to state a claim. Defs.' Mem. P. & A. Mot. Dismiss 3:16-18.

The Ninth Circuit has not directly decided whether a suit dismissed pursuant to *Heck* counts as a strike under § 1915(g). *Andrews v. Cervantes*, 493 F.3d 1047, 1052 n.2 (9th Cir. 2007). The Defendants presume without presenting any analysis that a claim dismissed because of Plaintiff's failure to demonstrate favorable termination counts as a strike. Regardless, the Court accepts Defendants' position. Plaintiff's claims were either premature because Plaintiff had not achieved a favorable termination, or Plaintiff's claims were non-cognizable because Plaintiff failed to establish the required predicates for stating a claim. In either situation, Plaintiff fails to state a claim.

The burden thus shifts to Plaintiff to demonstrate that *Ransom v. Doe* should not count as a strike. Plaintiff does not raise an argument that *Ransom v. Doe* is not a qualifying strike. Thus, the dismissal of *Ransom v. Doe* counts as a strike pursuant to 28 U.S.C. § 1915(g).

*Ransom v. Chief Williams* was also dismissed pursuant to *Heck*. Defs.' Mot. Dismiss, Ex.

---

[1] On a motion to dismiss, the Court may take judicial notice of matters of public record outside the pleadings. *See United States v. 14.02 Acres*, 547 F.3d 943 (9th Cir. 2008) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)).

E, Dismissal Order of United States District Judge Mariana R. Pfaelzer, December 4, 1996; Ex. F, Judgment, December 5, 1996.  Because this Court finds that a dismissal pursuant to *Heck* counts as a strike, Plaintiff has accrued three strikes pursuant to 28 U.S.C. § 1915(g).  Plaintiff thus may not proceed in forma pauperis in this action unless he qualifies for the imminent danger exception.

**B.     Exceptions to § 1915(g)**

Defendants contend that Plaintiff's action does not qualify under the imminent danger exception of § 1915(g).  Plaintiff contends that he plead sufficient facts in his complaint to qualify for the imminent danger exception.  Pl.'s Opp'n.

Prisoners qualify for the imminent danger exception based on the alleged conditions at the time the complaint was filed. *Andrews*, 493 F.3d at 1052.  The imminent danger exception requires that a prisoner allege a danger that is "ready to take place" or "hanging threateningly over one's head." *Id.* at 1056.  The Ninth Circuit found that "requiring a prisoner to 'allege [] an ongoing danger' . . . is the most sensible way to interpret the imminency requirement." *Id.* (quoting *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (per curiam)). Thus, "a prisoner who alleges that prison officials continue with a practice that has injured him or others similarly situated in the past will satisfy the ongoing danger standard and meet the imminence prong of the three-strikes exception." *Id.* at 1056-57 (quotations omitted).  "[A] plaintiff has 'brought' an action for the purposes of § 1915(g) when he submits a complaint and request to proceed in forma pauperis to the court." *O'Neal v. Price*, 531 F.3d 1146, 1152 (9th Cir. 2008). This action was brought when Plaintiff filed his initial complaint on October 17, 2007.  Pl.'s Compl., Doc. 1. Thus, the Court will examine Plaintiff's original complaint to determine whether at the time Plaintiff brought this action, Plaintiff was "under imminent danger of serious physical injury."

Here, Plaintiff alleged in his original complaint that Defendant Wilson and Morales that excessive force was used against him during a prison escort. Pl.'s Compl. ¶¶ 31-49, Doc. 1. Plaintiff alleges that this was an ongoing, imminent danger because Plaintiff was injured for talking during an escort.  *Id.*  Plaintiff alleges that the policy at the prison was for no prisoners to talk during an escort.  *Id.*  Plaintiff also alleges that he was denied medical care until the day after

4

the assault. *Id.*

Defendants contend that the no-speaking policy during escorts is itself not an imminent danger, and that any harm resulting from a prisoner violating this policy is speculative at best. Defs.' Reply 2:22-3:11. Defendants further contend that the alleged excessive force which Plaintiff suffered is not an ongoing danger, as there is no allegation that such violence was imminent or would repeatedly occur. *Id.* Defendants contend that Plaintiff allegedly received medical treatment the following day after the incident, and thus there is no imminent danger of ongoing physical injury. *Id.*

Having reviewed the record and the parties' arguments, the Court agrees with Defendants. The danger of physical harm to Plaintiff as a result of his alleged violation of the non-speaking policy is speculative at best. There are no allegations that indicate Plaintiff was under threat of imminent, ongoing danger of physical harm at the hands of Defendants. Based on Plaintiff's allegations, Defendants' alleged excessive force against Plaintiff and deliberate indifference to Plaintiff's medical needs appeared to be a single incident. Thus, the Court will recommend that Plaintiff's in forma pauperis status be revoked.

**C.     Dismissal Of Action**

Defendants also seek immediate dismissal of this action. Defs.' Mem. P. & A. Mot. Dismiss 3:10-12. The Court finds no case law in this circuit to support Defendants' contention. Plaintiff will thus be provided an opportunity to submit the full $350.00 filing fee. If Plaintiff fails to pay the filing fee in full, then dismissal will be merited.

**IV.     Conclusion and Recommendation**

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss, filed August 30, 2010, should be DENIED as stated herein;
2. Plaintiff's in forma pauperis status should be REVOKED; and
3. Plaintiff should be granted fifteen (15) days from the date of resolution of these Findings and Recommendations in which to submit the $350.00 filing fee in full. No extensions of time should be given without good cause.

5

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **twenty-one (21) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 4, 2011**              /s/ **Dennis L. Beck**
                                                            UNITED STATES MAGISTRATE JUDGE